UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN KIRK                                                              PETITIONER

V.                                              CIVIL ACTION NO. 3:16-CV-95-DPJ-MTP

RON KING                                                                RESPONDENT

ORDER

This habeas corpus proceeding is before the Court on Petitioner Marvin Kirk's Petition for Habeas Relief [1]. United States Magistrate Judge Michael T. Parker recommended dismissal in his Report and Recommendation ("R&R") [13]. For the following reasons, the Court finds that the R&R should be adopted.

I.  Background

On August 28, 2013, a jury found beyond a reasonable doubt that Kirk "did knowingly and intentionally strangle or attempt to strangle" his wife. Trial Tr., State Ct. R. Vol. I [12-1] at 71, 77; *see also* Miss. Code Ann. § 97-3-7(4) (defining aggravated domestic violence). Following the conviction, the state court sentenced Kirk as a habitual offender, giving him a 20-year term. Kirk then pursued direct appeal and post-conviction relief before the Mississippi Supreme Court. When those efforts failed, Kirk petitioned this Court, citing eight grounds for habeas relief. *See* R&R [13] at 5 (listing grounds). Judge Parker recommended dismissing all eight. *See generally id.* Kirk objected. Pet'r's Obj. [15]. This Order addresses the more significant arguments Kirk made in his Objection.

II. Standard

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), provides the standard of review. Under that statute, a federal court may grant habeas relief only

if the state court's ruling involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts" in light of the evidence presented to the state court. *Id.* The Supreme Court has repeatedly emphasized that "an unreasonable application of federal law is different from an incorrect application of federal law." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect but also "objectively unreasonable." *Id.* at 409.

III.  Analysis

Kirk objects "to all adverse rulings" in the R&R. *See* Pet'r's Obj. [15] at 1. But he ignores five of the eight grounds Judge Parker addressed. Instead, he chose to focus on whether the State proved its case (Ground 2) and two grounds related to Deputy Sheriff Tommy Strait's trial testimony that he saw "strangulation marks" on the victim's neck (Grounds 1 and 5).

As an initial matter, the Court adopts the R & R as to the five grounds for relief Kirk failed to specifically address in his Objection. *See Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (holding "[i]t is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider"), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996).

Grounds 3, 4, and 6–8 are dismissed for the reasons stated in Judge Parker's R & R.[1] The balance of this Order will address Grounds 1, 2, and 5.

  A.  Whether the State Proved its Case

The Mississippi Supreme Court rejected this issue on direct appeal and when Kirk raised it in his motion for post-conviction relief. *See Kirk v. State*, 160 So. 3d 685, 696–97 (Miss. 2015); Miss. Supreme Ct. Order [11-2]. As noted above, Kirk must overcome the AEDPA's deferential standard and show that the state court's ruling was objectively unreasonable. *Williams*, 529 U.S. at 409. But in his Objection, Kirk offers only conclusory arguments that fail to fully credit the record evidence against him. *See* Pet'r's Obj. [15] at 6. He has not met his burden.

  B.  Grounds Related to Deputy Strait's Testimony

Kirk says Deputy Strait's description of "strangulation marks" on the victim's neck never should have reached the jury because it was an expert opinion offered by a lay witness. Kirk first raised this issue on direct appeal, arguing that the evidence was improperly admitted. But the Mississippi Supreme Court held that the claim was procedurally barred because Kirk's counsel failed to make a contemporaneous objection and the error was not plain. *See Kirk*, 160 So. 3d at 695. Kirk then raised the issue in his motion for post-conviction relief, arguing that his trial attorney was ineffective for failing to object. The Mississippi Supreme Court rejected that

---

[1] Although Kirk does not address all of his original grounds for relief in his Objection, he does offer some new ones. For example, he now says his attorney was ineffective for failing to (1) seek a jury instruction; (2) obtain a medical expert; and (3) object to hearsay testimony. These issues were never raised on direct appeal, in post-conviction relief proceedings, or before Judge Parker. They are not properly before the Court. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (holding that issues raised first in objections to magistrate judge's findings are "not properly before the district court").

argument as well. *See* Miss. Supreme Ct. Order [11-2] (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

Now in this Court, Kirk raises three primary issues in his Objection related to Deputy Strait's testimony: (1) whether the Mississippi Supreme Court and Judge Parker applied the correct standard for ineffective assistance of counsel; (2) whether his attorney was ineffective for failing to object to Strait's expert opinion; and (3) whether the procedural bar applies to his claim that the evidence was admitted in error. Finally, he seeks an evidentiary hearing. The Court will take each in turn.

        1.        The Legal Standard for Ineffective Assistance of Counsel

As noted, Kirk might be entitled to relief if he could show "an unreasonable application of . . . clearly established Federal law." 28 U.S.C. § 2254(d). Reading his pro se Objection liberally, Kirk at least suggests that the Mississippi Supreme Court applied the wrong test when it decided his ineffective-assistance-of-counsel claim under *Strickland*.

Under *Strickland*, a defendant can challenge a conviction by showing that his counsel's advocacy was constitutionally deficient. To do so,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. When considering prejudice, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

But Kirk says he should not have been required to show prejudice because his attorney offered no defense at all. *See* Pet'r's Obj. [15] at 3. Kirk correctly notes that prejudice can be

4

inferred "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659 (1984). This is a "narrow exception." *Florida v. Nixon*, 543 U.S. 175, 190 (2004). For it to apply, "the attorney's failure must be complete." *Bell v. Cone*, 535 U.S. 685, 697 (2002). The *Cronic* exception does not apply when the defendant challenges counsel's performance "at specific points" rather than "throughout the . . . proceeding as a whole." *Id.*

Here, it was not objectively unreasonable for the state to apply *Strickland* to Kirk's challenge regarding Deputy Strait's testimony. *See Wolfe v. Dretke*, 116 F. App'x 487, 491 (5th Cir. 2004) (holding that *Strickland*, not *Cronic*, applied where defendant complained of counsel's "failure to adequately prepare for cross-examination, failure to present mitigating evidence, etc."). Nor would it be unreasonable to apply *Strickland* generally because counsel did defend him. As Judge Parker correctly noted, Kirk's attorney:

> filed motions in limine and motions to strike evidence . . . one of [which] resulted in the trial court informing the State that it would not likely allow expert opinion regarding strangulation from a registered nurse[,] . . . engaged in meaningful cross-examinations of the victim and other State witnesses, presented evidence, raised objections, and moved for a directed verdict and judgment notwithstanding the verdict.

R&R [13] at 23. As such, the Mississippi Supreme Court applied the correct test.

### 2. Whether Kirk's Attorney Was Constitutionally Ineffective

Citing *Strickland*, the Mississippi Supreme Court denied Kirk's ineffective-assistance-of-counsel claim holding that it lacked merit. *See* Miss. Supreme Ct. Order [11-2]. Obtaining habeas relief on this claim is a tall task. The "standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations and quotation marks omitted). Furthermore, the Mississippi Supreme Court did not articulate any specific reasons why it found no merit. *See*

5

Miss. Supreme Ct. Order [11-2]. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

The Court assumes—without deciding—that Kirk can surpass the performance prong and therefore focuses on prejudice. *See Strickland*, 466 U.S. at 697 ("The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

To establish prejudice in this context, Kirk must show "a reasonable probability that the jury would not have convicted him if his attorney had objected to" Strait's testimony. *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1912 (2017). Yet the evidence of Kirk's guilt was substantial. At trial, the state produced the following:

- The victim testified that Kirk strangled her twice, burned her with a cigarette, and bruised her arm. *See* Trial Tr., State Ct. R. Vol. II [12-2] at 149–50.

- Kirk neighbor, Colita Ogletree, testified that the victim was hysterical and had various bruises on her body and neck. *See* Trial Tr., State Ct. R. Vol. III [12-3] at 44.

- Deputy Strait corroborated Ogletree's testimony, telling the jury the victim was "frantic" when Strait arrived, *id.* at 52, that she did not appear to be under the influence of drugs or alcohol, *see id.* at 54, and that he too saw various bruises, *see id.* at 52. Kirk, on the other hand, "seemed to be angry and mad about the situation that was going on." *Id.* at 58.

- Regarding the marks on the victim's neck, Strait gave lay-opinion testimony that the marks looked like "indentation of fingers." *Id.* at 60. He also took pictures of the marks on the victim's neck. *See id.* at 52.

- The victim's medical records were introduced and confirmed bruises on her neck. *See id.* at 130.

On this record, Kirk has failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466

6

U.S. at 694 (1984). And as a result, he fails to show there was no reasonable basis for the state court to deny relief.

        3.      Procedural Bar

Aside from his ineffective-assistance-of-counsel claim regarding Deputy Strait's opinion, Kirk also says allowing the expert opinion was plain error. But because he made no contemporaneous objection at trial, the Mississippi Supreme Court concluded that the claim was procedurally barred. *Kirk*, 160 So. 3d at 692–93. A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).

Kirk has not argued that the State lacked an adequate and independent state-law basis to reject his claim. *See* R & R [13] at 8. He argues instead that counsel's ineffective assistance triggers the cause-and-actual-prejudice exception to the procedural-bar rule. *See* Pet'r's Obj. [15] at 8.

"A defendant may show 'cause' by proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution." *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003). As for "actual prejudice," Kirk must show the cause "worked to [his] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Kirk cannot make these showings because, as held above, he has not shown prejudice.[2]

---

[2] Judge Parker correctly held that ineffective assistance of counsel can provide cause to overcome the procedural default. *See* R & R [13] at 9. He then noted that the Mississippi Supreme Court rejected Kirk's ineffective-assistance claim when considering Kirk's request for post-conviction relief. *See id.* Finding the state court's ruling was a reasonable application of *Strickland*—which it was—Judge Parker concluded that Kirk cannot show cause and prejudice to

7

C. Evidentiary Hearing

Finally, the Court also denies Kirk's request for an evidentiary hearing "to expand the record" related to his counsel's ineffectiveness. Pet'r's Obj. [15] at 5. Under ADEPA,

> the court shall not hold an evidentiary hearing on the claim unless the applicant shows that . . . the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2254(e)(2). Therefore, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

In this case, Kirk wants to further explore his attorney's limited experience in criminal matters. But the Court has assumed the performance-prong issue and focused instead on prejudice. As to the prejudice prong, those issues can be determined based on the trial record. Kirk is not entitled to a hearing.

IV. Conclusion

The Court adopts Judge Parker's R&R [13] in its entirety over Kirk's Objection [15] and dismisses the Petition [1]. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of April, 2018.

                                              s/ *Daniel P. Jordan III*
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

overcome the default. *See id.* In other words, Judge Parker considered the ineffective-assistance-of-counsel argument for overcoming procedural default based on the AEDPA standards. *See Richter*, 562 U.S. at 10. Whether those standards apply in the cause-and-actual-prejudice context has caused disagreement. *See Richardson v. Lemke*, 745 F.3d 258, 273 (7th Cir. 2014) (examining circuit split). Regardless, the Court has already held that the claim fails under *Strickland*; it would therefore fail under AEDPA as well.